UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT LEE SWANSON,<br><br>Defendant. | Case No. 09-cr-00475-SI-1<br><br>Case No. 16-cv-02743-SI<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>Re: Dkt. No. 22 |

Defendant Robert Lee Swanson has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, the Court DENIES the motion and GRANTS a certificate of appealability.

**BACKGROUND**

On May 6, 2009, defendant Robert Lee Swanson was charged by information with two counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Count One charged that on March 10, 2009, defendant robbed a U.S. Bank in San Francisco, and Count Two charged that on April 27, 2009, defendant robbed a Bank of America in San Francisco. On June 30, 2009, defendant pled guilty to both counts of the information without a plea agreement.

The two bank robberies charged in the information, along with defendant's escape from a halfway house prior to the bank robberies, were also charged as supervised release violations in four other federal cases in which defendant had been convicted of bank robberies. Three of those cases, from the United States District Court for the Southern District of California, were related to

this case and transferred to this Court for resolution of the supervised release violations. *See* CR 09-650 SI (previously CR 93-890, S.D. Cal.); CR 09-651 SI (previously CR 90-384, S.D. Cal.); CR 09-652 (previously CR 90-729 S.D. Cal.). The fourth case, CR 96-362 SI, originated in this District, involved convictions for four bank robberies, and was presided over by the undersigned judge. That case was also related to the instant one for purposes of resolving the supervised release violations. The dockets show that in each of the four related cases, defendant was convicted of 18 U.S.C. § 2113(a), bank robbery.

The Presentence Report ("PSR") found that defendant's criminal history score was 13, establishing a Criminal History Category of VI. PSR ¶¶ 53-55. The PSR also noted that, pursuant to U.S.S.G. § 4B1.1(b), defendant was classified as a career offender, which also resulted in a Criminal History Category of VI. *Id*. ¶ 55. In support of its finding that defendant was a career offender, the PSR reported that defendant had, *inter alia*, been convicted of multiple bank robberies in the four cases cited above. *Id*. ¶¶ 49-52.[1] The PSR provided detailed information about each of defendant's prior convictions for bank robbery, but the PSR did not specify the statute under which defendant was convicted in those prior cases. *Id*.

The PSR stated that under the career offender guidelines, defendant's adjusted offense level was 29, with a resulting sentencing range of 155-188 months. *Id*. ¶ 76. If defendant had not been a career offender, his adjusted offense level would have been 22, and the sentencing range would have been 84-105 months. *Id*.[2]

On September 25, 2009, the Court sentenced defendant to 170 months in custody, concurrent on both counts. *See* CR 96-362 SI, Dkt. No. 38 (May 28, 2010 amended judgment). The Court also sentenced defendant to 24 months for each of the supervised release violations in Case Nos. CR 96-362 SI, CR 09-650 SI, CR 09-651 SI, and CR 09-652 SI, for a total of 96 months. *Id*. The supervised release sentences were to run consecutive to each other, but

---

[1] The PSR also stated that defendant had misdemeanor convictions for trespassing, loitering and prowling, as well as a special court martial for going AWOL. *Id*. ¶¶ 46-48.

[2] Defendant's criminal history level would have remained VI if he was not a career offender.

concurrent with the 170 month term for the two bank robbery counts. *Id*. Defendant did not file a direct appeal.

On May 20, 2016, defendant filed the instant motion under 28 U.S.C. § 2255.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

## DISCUSSION

Defendant has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015) ("*Johnson II*"). In *Johnson II*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, and therefore void. 135 S. Ct. at 2557. The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion italicized above is known as the ACCA's

3

1  "residual clause." The *Johnson II* Court held that the ACCA's residual clause "fails to give
2  ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby
3  "violat[ing] the first essential of due process." 135 S. Ct. at 2556-57 (citations and internal
4  quotation marks omitted). The requirements of fair notice and enforcement standards "apply not
5  only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557.
6  For these reasons, *Johnson II* found that "increasing a defendant's sentence under the [ACCA's
7  residual] clause denies due process of law." *Id*.

8      Defendant's sentence was enhanced under the Career Offender guideline, U.S.S.G.
9  § 4B1.1(b), based on at least two prior convictions for bank robberies, which were considered
10  crimes of violence for purposes of the Career Offender guideline. Section 4B1.2(a) defines a
11  "crime of violence" as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that − (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

15  § 4B1.2(a) (emphasis added). A defendant's prior conviction can qualify as a "crime of violence"
16  in one of three ways: (1) by satisfying the "force clause" under U.S.S.G. § 4B1.2(a)(1); (2) if the
17  offense is an enumerated offense under U.S.S.G. § 4B1.2(a)(2); or (3) by satisfying the residual
18  clause under U.S.S.G. § 4B1.2(a)(2).

19      Defendant argues that he is entitled to relief because "[t]he prior conviction history in the
20  PSR, which fails to specify the specific federal statute violated, makes it now impossible to tell if
21  the sentence was based on an invalid finding under U.S.S.G. § 4B1.2 that Swanson had a prior
22  conviction for a crime of violence." Dkt. No. 22 at 5. Defendant argues that the prior bank
23  robbery convictions no longer qualify as crimes of violence under the residual clause after
24  *Johnson II*. Defendant argues that the Court cannot determine that defendant was sentenced as a
25  career offender under the "force clause" of U.S.S.G. § 4B1.2(a)(1) because the PSR did not cite
26  the statute under which defendant was convicted in the prior cases, therefore preventing the Court
27  from performing a categorical analysis with regard to those offenses.

28      The government argues that defendant is not entitled to relief for four reasons. First, the

1  government argues that defendant procedurally defaulted his *Johnson II* claim and cannot show
2  cause and prejudice. Second, the government contends that *Johnson II* is not retroactive to
3  challenges to the career offender guidelines. Third, the government argues that this Court had
4  sufficient information from the PSR and from its own docket to determine that defendant had
5  previously been convicted of violations of 18 U.S.C. § 2113(a), bank robbery, which is a crime of
6  violence that falls under the "force clause" of U.S.S.G. § 4B1.2(a)(1). Finally, the government
7  argues that even if defendant was entitled to relief, the Court should not resentence him because he
8  received an appropriate sentence based on his crimes and lengthy criminal history. The Court
9  declines to reach the government's first three arguments because it agrees that federal bank
10 robbery is a crime of violence under the force clause, and that the Court had a sufficient basis to
11 conclude that defendant was a career offender.[3]

12 Defendant relies on *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990), in which a
13 defendant challenged his sentence under the Sentencing Guidelines after pleading guilty to bank
14 robbery, aiding and abetting and conspiracy. The district court found that the defendant was a
15 career offender based on convictions for two prior bank robberies in violation of 18 U.S.C.
16 § 2113(a). On appeal, the defendant contended he should not have been sentenced as a career
17 offender because the record did not sufficiently establish that his prior bank robberies were crimes
18 of violence.

19 The Ninth Circuit affirmed the defendant's sentence. The court held,

20 Selfa was twice convicted of violating that portion of 18 U.S.C. § 2113(a) which
   requires, at the very least, either "force or violence" or "intimidation." This court
21 has defined "intimidation" under section 2113(a) to mean "willfully to take, or
   attempt to take, in such a way that would put an ordinary, reasonable person in fear
22 of bodily harm."

23 We therefore hold that persons convicted of robbing a bank "by force and violence"
   or "intimidation" under 18 U.S.C. § 2113(a) have been convicted of a "crime of
24 violence" within the meaning of Guideline Section 4.B.1.1.

25 *Id*. at 751 (citations omitted). The *Selfa* court noted,

---

[3] To the extent that defendant seeks relief based on the PSR's failure to mention the statute under which defendant had been previously convicted of bank robbery, the Court finds that defendant has procedurally defaulted on that claim as that claim is independent of *Johnson II*.

5

> Section 2113(a) of 18 U.S.C. consists of two paragraphs. The first . . . describes the taking or the attempt to take money or property from a bank by force or intimidation. The second paragraph describes an entry or attempt to enter a bank with the intent to commit a felony in it. The second paragraph does not describe a crime of violence. In *United States v. Potter*, 895 F.2d 1231 (9th Cir. 199), we held that a defendant may not be convicted as a career offender where the presentence report indicates only that the defendant was previously convicted under an umbrella statute describing crimes of both violence and of non-violence, and where the presentence report did not indicate under which subsection of the statute the defendant was convicted.

*Id*. at 751 n.2. The Ninth Circuit held that in *Selfa*, "however, the presentence report clearly shows that it was based upon a review of relevant portions of the record underlying the prior convictions, including a review of the charging documents, which showed that this defendant had been convicted of actual bank robbery pursuant to the first paragraph of 18 U.S.C. § 2113(a)." *Id*.

Here, not only did the PSR show that it was based upon a review of relevant portions of the record underlying the prior bank robbery convictions, but this Court's own records show defendant's prior convictions for bank robbery are "crimes of violence" under the force clause. This Court was the sentencing court in one of the cases in which defendant was convicted of four bank robberies (CR 96-362 SI), and the other three cases were transferred to this Court and related to this action so that the Court could resolve supervised release violations in those cases. Thus, this Court had before it all of the information necessary to determine that defendant's prior bank robbery convictions qualified as "crimes of violence" pursuant to the force clause of U.S.S.G. § 4B1.2(a)(1), and therefore *Johnson II* does not affect this Court's determination that defendant should be sentenced as a career offender.

Defendant's reply brief states that if the Court concludes that there was a proper basis to determine that his prior bank robbery convictions were "crimes of violence" under U.S.S.G. § 4B1.2(a)(1), defendant wishes to preserve "his challenge that the federal bank robbery statute is not a crime of violence." Dkt. No. 36 at 7. Defendant recognizes that the Ninth Circuit has recently held, in an unpublished memorandum, that *Selfa* remains good law and that a conviction for bank robbery under 18 U.S.C. § 2113(a) "categorically qualifies as a 'crime of violence'" under the force clause of section 4B1.2(a). *United States v. Steppes*, 651 Fed. Appx. 697, 698 (9th Cir. June 10, 2016). Furthermore, other district courts in the Ninth Circuit have recently determined that *Selfa* remains good law. *Gilbert v. United States* affirmed that "bank robbery

[under 18 U.S.C. § 2113(a)] is a crime of violence by its elements, per U.S.S.G. § 4B1.2(a)(1), without reference to the residual clause in § 4B1.2(a)(2)." No. 16-cv-1448-W, 2016 WL 5807910, at *1 (S.D. Cal. Oct. 4, 2016), *appeal docketed*, No. 16-56554 (9th Cir. Oct. 20, 2016); *see also United States v. Bailey*, No. 14-cr-328-CAS, 2016 WL 3381218, at *6 (C.D. Cal. June 8, 2016) (citing *United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. 2016)) (analogizing the "fear of injury" element of the Hobbs Act, 18 U.S.C. § 1951(b), to "intimidation" of federal bank robbery, 18 U.S.C § 2113(a), and finding both qualify as "crimes of violence").

However, recently, another district court in the Ninth Circuit held that unarmed bank robbery is not a crime of violence. *See Doriety v. United States*, No. 16-924 (W.D. Wash. Nov. 10, 2016). In light of differing judicial opinions on this issue, the Court finds it appropriate to grant a certificate of appealability because "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons set forth above, the Court DENIES defendant's motion to vacate the sentence under 28 U.S.C. § 2255 and GRANTS defendant a certificate of appealability on the question of whether unarmed bank robbery under 18 U.S.C. § 2113(a) is a "crime of violence" pursuant to the force clause of U.S.S.G. § 4B1.2(a)(1).

**IT IS SO ORDERED**.

Dated: February 13, 2017

SUSAN ILLSTON
United States District Judge